Mr. Chief Justice
Shepard delivered the opinion of the Court:
1. The substantially undisputed facts established by the evidence, and that are pertinent, are these:
(1) Notwithstanding the complaints that had been made against the relator between 1900 and 1905, he was never brought to trial thereon, and was promoted to the rank of captain in the fire department in the latter year.
(2) The charges made against him with others, in January 1908, were reported unsustained by the trial board, and the record was transmitted to the commissioners by the chief enginer without recommendation, February 12, 1908.
(3) Relator continued in active service until March 26, 1908, when he sustained serious, and apparently permanent, injuries .at a fire to which he had been ordered. He was unable to perform active duty thereafter.
(4) The report of the chief engineer of July 31, 1908, referred back to the report of the trial board, and reported that the charges had in fact been sustained. But these charges are not stated, and there is no evidence showing what they were.
(5) The report made additional charges against relator of conduct, which, if true, would warrant his removal under the rules; and concluded with the serious charge that he was intoxicated at the fire on March 20, 1908, and but for that would not have met with the accident which disabled him.
(6) No notice of this complaint was given to relator, and *81 without hearing, the commissioners then in office immediately made the order dismissing him from the service. -
2. The act of Congress approved June 11, 1896 (29 Stat. at L. 404, chap. 419), made new provisions respecting an already established fireman’s relief fund. One dollar per month was required to be deducted from the pay of each fireman, and paid into the relief fund. This was to be used for the “relief of any fireman who, having served not less than twelve months, shall, by reason of injuries received or disease contracted in the line of actual fire duty, going to, at, or returning from a fire,” * -* * provided that no fireman shall be entitled to any benefits of the fund who may, by reason of his own indiscretion, bring on any such incapacity, injury, or disease. Sec. 2 of an act approved June 20, 1906 (34 Stat. at L. 314, chap. 3443), reads as follows:
“That the commissioners of the District of Columbia shall appoint, assign to such duty or duties, promote, reduce, fine, suspend, with or without pay, and remove all officers and members of the fire department of the District of Columbia, according to such rules and regulations as said commissioners in their exclusive jurisdiction and judgment may from time to time make, alter, or amend: Provided: That the rules and regulations of the fire department heretofore promulgated are hereby ratified, and shall remain in force until changed by said commissioners.”
The rules and regulations then in force, as well as now,have been recited above.
3. It may well be doubted if the commissioners had the power to dismiss the relator without notice and hearing as provided in their own rules that had been given the force of law by the act of June 20, 1906; but it is not necessary to decide that question as the action is not for withheld salary, but for retirement on the pension from the relief fund provided by law. Assuming the power, could they by its exercise, July 31, 1908, upon complaint preferred after the receipt of his injuries, deprive the relator of his right to retirement therefor, if the nature of those *82 injuries and the manner of their receipt were such as to entitle him thereto at the time ?
We agree with the learned trial justice that the right of the relator to retirement on a pension under the terms of the law were fixed at the time that he received his injuries, provided, of course, that they permanently disabled him from duty and were not the result of his own indiscretion. The commissioners could not, by dismissing him on charges made thereafter, deprive him of the bounty provided by law, which they had no-power to suspend. Having come within the terms of the statute, no power less than that of Congress could repeal or suspend its benefits. We are therefore of the opinion that there was no error in ordering the writ of mandamus to issue commanding the-commissioners to cause the assembling of the proper board to-investigate and report the physical condition of the relator. ■ The-order was defective in this, however, that it did not further direct that said board should also report whether the physical disability, if found to exist, is due to injuries received in the-line of duty, and not the result of relator’s own indiscretion. The evidence indicates, -and it was not denied, that the injuries were received in the line of duty, and are such as to disable the relator; and it seems to show that they were not occasioned by his indiscretion. But these facts are for the ascertainment of the examining board under the rules. The-order likewise went too far in commanding the commissioners, upon the coming in of a report showing relator’s disability, to-grant him such a pension as the same may warrant.
Under the requirements of the rules, if the aforesaid report, shows the essential facts before mentioned, it must be referred to the retiring board to be appointed, whose duty it will be to-consider the same, together with relator’s record, and to make-recommendation of the amount of pension to be allowed, within the limits of the act of Congress. If the reports show the necessary facts, it is to be presumed that the commissioners will make the necessary final order granting the pension.
The judgment will be modified in the respects indicated above, and as so modified is affirmed, without costs.

Modified and affirmed.